# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KARLA SAFO, et al.,

    Plaintiff(s),

v.

KENDRA LEE QUINTANA, et al.,

    Defendant(s).

Case No.: 2:18-cv-01886-MMD-NJK

**ORDER**

Defendants removed this case from state court on the basis of diversity jurisdiction. Docket No. 1. Defendants identify themselves as Nevada citizens. *See id.* at 3. The removal statute provides that "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title ***may not*** be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). As this case involves defendants who are Nevada citizens, removal was improper under the local defendant rule.

Such defect is considered procedural rather than jurisdictional, so the Court may not remand *sua sponte*. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006). Instead, Plaintiffs may choose to waive the procedural defect such that the case would remain in federal court or Plaintiffs may choose to have the case remanded. *See id.* As such, the Court **ORDERS** Plaintiffs to indicate whether they wish to waive this procedural defect or whether they

wish to have the case remanded to state court. *See, e.g.*, *Chan v. EFX, Inc.*, 2017 U.S. Dist. Lexis 128162, at *2-3 (C.D. Cal. Aug. 10, 2017). Such notice shall be filed by October 9, 2018.[1]

IT IS SO ORDERED.

Dated: October 2, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] To the extent Plaintiffs do not wish to waive this procedural defect, nothing herein prevents the parties from stipulating to remand.